IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BLAKE, individually and on behalf of similarly situated individuals. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.: 1:23-cv-1839 |
| CELEBRITY HOME LOANS, LLC, an Illinois limited liability company; and CELEBRITY FINANCIAL, INC., a U.S. Virgin Islands Corporation. | ) ) ) ) | Judge Sara L. Ellis<br><br>Magistrate Jeffrey T. Gilbert |
| Defendants. | ) | |

**DEFENDANT CELEBRITY FINANCIAL INC'S FRCP 12(b)(2)
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**NOW COMES** the Defendant, Celebrity Financial Inc, (CFI) by and through its attorney, Arthur R. Ehrlich of the LAW OFFICES OF GOLDMAN & EHRLICH, CHTD., and for the limited purpose of contesting personal jurisdiction over CFI, states as follows:

1. Plaintiff filed a complaint against Defendant Celebrity Home Loans, LLC., (CHL) and against Defendant CFI for alleged violations of the WARN Act and Illinois Wage Payment Act. CHL has been served, has filed its appearance, and is filing an answer in this complaint.

2. Defendant CFI, which was incorporated in the United States Virgin Islands, was served in the Virgin Islands on April 20, 2023. See Ex. A. On April 4, 2023, Plaintiff filed a return of service claiming service was made on March 2, 2023, on the Illinois Corporation Service Company. See Ex. B. Illinois Corporation Service Company, however, is the registered agent for Defendant Celebrity Home Loans, LLC. See Ex. C. This entity is not a registered agent for Defendant CFI. As will be argued in its motion and supporting memorandum, CFI has no presence nor sufficient contacts in the state of Illinois to allow for jurisdiction.

3. CHL is a wholly owned subsidiary of CFI. But CFI has no physical presence in Illinois, has not had sufficient minimum contacts in Illinois for the purposes of general jurisdiction, and none of the factors for specific jurisdiction apply in this case. It is for these reasons that Defendant CFI has filed this Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

4. Plaintiff's employment agreement was with CHL, not CFI.

5. The plaintiff bears the burden to establish personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Because Illinois's "long-arm statute" provides jurisdiction to the full extent permitted under the Fourteenth Amendment's Due Process Clause, courts need only consider whether personal jurisdiction is proper under the United States Constitution. *Id.*; *See also* 735 ILSC 5/2-209 (c).

6. CFI does not have sufficient minimum contacts with the State of Illinois "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017).

7. Plaintiff must establish either general or specific jurisdiction. A party is subject to "general jurisdiction" only if its contacts are so continuous and systematic "as to render [it] essentially at home in the forum state." *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (quoting *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011)).

8. Plaintiff cannot establish specific jurisdiction because CFI "(1) has not purposefully availed itself of the privilege of conducting business in the state or purposefully directed activities at the state; (2) the alleged injury did not arise from the defendant's forum-related activities; and (3) exercising jurisdiction under the facts would not comport with traditional notions of fair play and substantial justice." *Lexington Ins.*, 938 F.3d at 878.

9. Personal jurisdiction cannot be exercised over a parent company based on corporate

affiliation or stock ownership, unless the parent exercises an unusually high degree of control over "the subsidiary." *C. States, S.E. and S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). There must be "extraordinary control" by the parent over the subsidiary to have jurisdiction over the parent company. *City of Greenville, Ill. v. Syngenta Crop Protec., Inc.*, 830 F. Supp. 2d 550, 555 (S.D. Ill. 2011).

10. Courts recognize that "Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n. 17 (7th Cir. 2003). A parent does not subject itself to personal jurisdiction simply because it provides routine services to its subsidiaries in the forum state, nor because the two entities may have some of the same officers. *Reimer Express World*, 230 F.3d at 945-46; *Abelesz v. OTP Bank*, 692 F.3d 638, 658 (7th Cir. 2012).

11. Plaintiff makes several conclusory allegations that CFI has substantial control over CHL, but has no supporting evidence. Rather, CHL had its own executive officers, and held its own management meetings at the executive, divisional and manager levels. separate and apart from any CFI executive meetings.

12. Defendant CFI will be filing a memorandum in support of its Rule 12(b)(2) motion.

## CONCLUSION

**WHEREFORE**, Defendant Celebrity Financial Inc, requests that its motion to dismiss for lack of personal jurisdiction be dismissed.

*Arthur R Ehrlich*

Law Offices of GOLDMAN & EHRLICH, CHTD., as attorney for Defendant, CELEBRITY HOME LOANS, LLC.

Arthur R. Ehrlich
Law Offices of Goldman & Ehrlich
53 West Jackson Street, Suite 815
Chicago, Illinois 60604
(312) 332-6733
[arthur@goldmanehrlich.com](mailto:arthur@goldmanehrlich.com)